IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| RAYMOND DALE CLARK, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-389-F |
| | ) | |
| ROBERT C. PATTON,[1] | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Raymond Clark (Petitioner), appearing pro se, is currently serving a twenty-two year state court sentence imposed after he pleaded guilty to second-degree felony murder. Doc. 1. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming he should have been allowed to withdraw that plea. *Id.* United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

Respondent has now filed a response to the petition. Doc. 10. The response includes copies of the transcript of Petitioner's guilty plea proceedings, *id.* at Ex. 1, the written Plea of Guilty, *id.* at Ex. 2, and the transcript of the

---

[1] On January 17, 2014, Robert C. Patton was appointed Director of the Oklahoma Department of Corrections. Director Patton is hereby substituted for the former Director as Respondent in this action. *See* Rules 2(a) and 12 of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d).

hearing held in connection with Petitioner's motion to withdrawal his plea. *Id.* at Ex. 4.[2]

Petitioner did not exercise his option to file a reply brief, *see* Doc. 6, at 2, and the matter is now at issue. For the following reasons, the undersigned recommends Petitioner's application for habeas relief be denied.

## I.     Background.

### A.     State court.

Petitioner pleaded guilty to second-degree felony murder, Okla. Stat. tit. 21, § 701.8(2), in state district court and received a sentence of forty-three years' imprisonment with all but the first twenty-two years suspended. Doc. 1, at 1,[3] Doc. 10, at Ex. 2. Proceeding pro se, he then moved to withdraw that plea. Doc. 1, at 3, Doc. 10, at Ex. 3. The state district court judge who accepted the plea conducted a hearing, and, after considering Petitioner's testimony and the arguments of counsel for both parties, overruled the plea-withdrawal request. Doc. 1, at 3, Doc. 10, at Ex. 4.

The Oklahoma Court of Criminal Appeals (OCCA) dismissed Petitioner's appeal from that decision on procedural grounds. Doc. 1, at 3-4, Doc. 10, at Ex.

---

[2]     The exhibits, original record, and transcripts are filed of record. Doc. 11.

[3]     Page citations to the petition are in sequential order and reflect this court's CMECF pagination.

5. That Court then granted a certiorari appeal out of time, Doc. 10, Ex. 8, at 2-3, and Petitioner, represented by appointed appellate counsel, briefed three grounds for relief. Doc. 1, at 2, Ex. A, Doc. 10, at Ex. 9. By summary opinion, the OCCA denied the petition for writ of certiorari. Doc. 1, at 2, Ex. B, Doc. 10, at Ex. 10.

### B. Federal court.

Petitioner raises as his grounds for federal habeas relief the same three grounds he raised before the OCCA. Doc. 1. He does so through reference to Exhibit A to his petition. *Id.* at 5, 6, 8. Exhibit A is the same brief – now underlined and otherwise highlighted – Petitioner filed with the OCCA in his attempt to establish that the state district court erred in refusing to allow him to withdraw his guilty plea. His three grounds are as follows:

(1) "Petitioner's plea was not knowingly, intelligently and voluntarily entered, in violation of his federal and state due process rights, and the trial court abused its discretion in denying Petitioner's application to withdraw guilty plea." Doc. 1, at 5, Ex. A, at 9.[4]

(2) "Due process requires that Petitioner be allowed to withdraw his plea of guilty to the charge of second degree felony murder since the merger

---

[4] Page citations to Exhibit A to the petition are in sequential order and reflect this court's CMECF pagination.

doctrine prohibited the use of the act which allegedly caused the decedent's death from being used as the predicate felony in a felony murder prosecution when the alleged crime occurred." Doc. 1, at 6, Ex. A, at 12.

(3) "Petitioner was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution." Doc. 1, at 8, Ex. A, at 17-18.

## II. Standard of review.

### A. The law.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits – but that presumption can in some limited circumstances be rebutted."). A petitioner is entitled to federal habeas relief only if that merits-based adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was

4

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2254(d). This standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington*, 131 S. Ct. at 786.

This Court first determines "whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court at the time of the state court judgment." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006); *see also Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012). Clearly established law consists of Supreme Court holdings where the facts are similar to the facts in the petitioner's case. *House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). "The absence of clearly established federal law is dispositive under § 2254(d)(1)." *Id.* at 1018. So, only if this Court answers "affirmatively the threshold question as to the existence of clearly established federal law, may it inquire whether the state court decision is either contrary to or an unreasonable application of such law." *Id.*

If clearly established federal law exists, this Court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *Bland*, 459 F.3d at 1009. "A decision is

'contrary to' clearly established federal law . . . if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts . . . materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from the result reached by the Supreme Court." *Id.* (quotations omitted) (alterations in original). "A state court decision involves an 'unreasonable application' of federal law if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotation omitted) (alteration in original). "As a condition for obtaining federal habeas relief, . . . a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

Throughout the analysis, the court must presume the state court's factual findings are correct unless the petitioner rebuts that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B. Application of the law.**

As noted, in seeking federal habeas relief, Petitioner relies exclusively on the brief he filed with the OCCA to establish that the state trial court erred in

refusing to allow him to withdraw his guilty plea.[5]  Doc. 1, at Ex. A. Nonetheless, "habeas corpus is . . . not a substitute for ordinary error correction through appeal." *Harrington*, 131 S. Ct. at 786.  Petitioner has made no attempt in this Court to explain how the OCCA unreasonably applied or contradicted established Supreme Court authority in upholding the state trial court's decision.  *Id.* at 786-87.  Petitioner's failure becomes problematic because this Court, though required to give a broad reading to the pro se Petitioner's pleadings, may not act as his advocate or create arguments on his behalf.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

III.   Analysis.

    A.   **Ground I - "Petitioner's plea was not knowingly, intelligently and voluntarily entered, in violation of his federal and state due process rights, and the trial court abused its discretion in denying Petitioner's application to withdraw guilty plea."[6]**

        1.   **Petitioner's argument.**

Petitioner incorporates his state appellate brief in support of this first ground for relief and additionally notes that he "was under the impression that

---

[5] Respondent specifically argued that "Petitioner, who neither acknowledges § 2254(d), nor purports to apply AEDPA's highly deferential standard, presents [his] argument as though this Court is to decide the issue independently of the OCCA's resolution of this matter." Doc. 10, at 5. Petitioner, on receipt of this response, did not file a reply brief, despite his right to do so. *See* Doc. 6, at 2.

[6] Doc. 1, at 5, Ex. A, at 9.

the (85 %) meant - only - the time required to be served - before - receiving credit(s) - not - the time required to become eligible for parole/release."[7] Doc. 1, at 5.

Petitioner's claim before the OCCA was that "because [he] pled guilty with a misunderstanding of the consequences of his plea, it cannot be considered knowing, intelligent, and voluntary and he should be allowed to withdraw it." *Id.*, Ex. A, at 9. According to Petitioner, although he admitted in the course of his plea colloquy with the trial court that he understood he was going to have to serve at least 85 percent of his 22 year sentence before receiving any credit toward early release, "he believed he would be eligible for parole in six or seven years." *Id.* at 11. He pointed to his testimony at the hearing on his motion to withdraw his plea, claiming that "his trial attorney told him and his family that, under the plea deal, he would be eligible for parole in six or seven years." *Id.* at 10.[8] Petitioner submitted that at this same hearing, "[w]hen [he was] asked to articulate his understanding of the [plea] agreement, it was evident that [he] did not have a grasp on the actual repercussions of accepting a sentence

---

[7] Under Oklahoma law, an individual convicted of second-degree murder must serve at least 85% of his sentence before becoming eligible for parole. *See* Okla. Stat. tit. 21, § 13.1(2).

[8] The OCCA did not address the effectiveness of Petitioner's trial counsel in connection with this or any of Petitioner's claims of error. Petitioner claims no error in that regard in seeking federal habeas relief.

8

recommendation of 22 years incarceration subject to the 85% rule." *Id.* He quoted his withdrawal counsel's statement that

> [Petitioner] is a Mexican American of ninth grade education, and it has seemed to me in my interview with him, as well as on his statements on the stand, that he still today doesn't grasp in toto the document that he filled out, the conversations that he had, or even necessarily, as we sit here right now, what the 85% rule is and how it's invoked in a particular case.

*Id.* at 11. Petitioner concluded his argument to the OCCA by alleging that

> [he] clearly did not understand the effect of the 85% rule on the length of time he would have to serve before being eligible for credits and/or parole consideration. His testimony at the withdrawal hearing showed his continued confusion about the consequences of his plea. The trial court should not have accepted Petitioner's plea under these circumstances.

*Id.* at 12.

### 2. The OCCA's findings.

The OCCA resolved Petitioner's first proposition in the following manner:

> In Proposition I, [Petitioner] claims that his plea was not knowing, intelligent and voluntary because he was mislead [sic] about the application of the 85 percent rule to his sentence. *See* 21 O.S.2011, § 13.1. To the contrary, the record shows that [Petitioner] completed the plea form with his attorney, and that she read every question to him. Before entering his plea, [Petitioner] told the trial court that he understood the proceedings, understood his rights, and wanted to give up those rights and enter a plea. [Petitioner] further told the trial court that he discussed the 85 percent rule with his attorney and that he understood that he will have to serve at least 85 percent of the 22 year sentence before he will receive any credit toward his early release. The trial court did not abuse its discretion in finding [Petitioner]'s plea knowing, intelligent and

> voluntary. *Lewis v. State*, 2009 OK CR 30, ¶ 5, 220 P.3d 1140, 1142; *King v. State*, 1976 OK CR 103, ¶ 7, 553 P.2d 529, 532-33. This Proposition is denied.

Doc. 1, Ex. B, at 2.

### 3. Evaluation of the claim.

"[A] federal court may set aside a state court guilty plea only for failure to satisfy due process." *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996). Due process is satisfied if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). Federal law requires that a defendant have "a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

Nonetheless, a "defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). And, the Supreme Court has "never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary . . . ." *Hill*, 474 U.S. at 56. The fact that a defendant "would be ineligible for parole prior to serving 85% of his sentence" is a "collateral consequence[] of a plea and therefore a state court's

10

failure to inform the defendant of th[is] consequence[] does not render a guilty plea unknowing or involuntary." *Perkis v. Sirmons*, 201 F. App'x 648, 652 (10th Cir. 2006); *see Chrisman v. Mullins*, 213 F. App'x 683, 687 (10th Cir. 2007) ("[T]he failure to inform of consequences collateral to a plea, such as the applicability of Oklahoma's 85% requirement, does not render the plea involuntary . . . .").

Petitioner is not entitled to habeas relief on this ground.

**B.     Ground II - "Due process requires that Petitioner be allowed to withdraw his plea of guilty to the charge of second degree felony murder since the merger doctrine prohibited the use of the act which allegedly caused the decedent's death from being used as the predicate felony in a felony murder prosecution when the alleged crime occurred."[9]**

**1.     Petitioner's argument.**

Once again, Petitioner incorporates his state appellate brief in support of his claim for relief. Doc. 1, at 6. There, he maintained that because the factual basis of his guilty plea was that he "beat/kicked Parrish no ear & he died from those injuries," there was a merger of the assault and battery into the homicide. Doc. 1, Ex. A, at 13. He argued that "[c]ontrolling case law at the time of [Petitioner's] crime and plea did not allow a conviction for felony murder when the act that constitutes the predicate felony is the same act that results in the

---

[9]     Doc. 1, at 6, Ex. A, at 12.

death of the victim." *Id.* According to Petitioner, this "violation of the 'merger doctrine' made the plea invalid." *Id.*[10] He acknowledged that the OCCA had abandoned the merger doctrine subsequent to his plea but submitted "that to give the revised interpretation of the Second Degree Murder statute retroactive effect is fundamentally unfair and a violation of his constitutional rights." *Id.* Citing *Bouie v. City of Columbia*, 378 U.S. 347, 348 (1964), he argued that the abolition of the merger doctrine by the OCCA was "unexpected and indefensible . . . ." *Id.* at 13-14.

### 2. The OCCA's findings.

> In Proposition II, [Petitioner] argues that his conviction for felony murder committed while in the commission of an aggravated assault and battery violates the merger doctrine, or the separate crime requirement. This claim was not raised in his Motion to Withdraw the Plea or in his Petition for Writ of Certiorari, and therefore is not properly raised under the Court's rules. Rule 4.3(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2012). We review for plain error only. *Lewis v. State*, 2009 OK CR 30, ¶ 4, 220 P.3d at 1142. There is no plain error.
>
> This Court abandoned the merger doctrine in *Barnett v. State*, 2011 OK CR 28, ¶15, 263 P.3d 959, 964 ("Barnett I"). [Petitioner's] due process rights are not violated by the retroactive application of Barnett I. *See Barnett v. State*, 2012 OK CR 2, ¶6, 271 P.3d 80, 83.

---

[10] "Under [the] merger doctrine, or independent crime requirement, in order for the taking of human life in the commission of a felony to constitute murder, the precedent felony must constitute an independent crime not included within the resulting homicide." *Barnett v. State*, 263 P.3d 959, 963 (Okla. Crim. App. 2011) (*Barnett I*).

12

This Proposition is denied.

Doc. 1, Ex. B, at 2-3.

### 3. Evaluation of the claim.

"Oklahoma's plain-error test is rooted in due process." *Thornburg v. Mullin*, 422 F.3d 1113, 1124 (10th Cir. 2005). There is "no practical distinction between [Oklahoma's application] of plain error . . . and the federal due-process test, which requires reversal when error 'so infused the trial with unfairness as to deny due process of law[.]'" *Id.* at 1125 (quoting *Estelle v. McGuire*, 502 U.S. 62, 75 (1991). "Because the OCCA applied the same test [this Court applies] to determine whether there has been a due-process violation, [this Court] must defer to its ruling unless [the OCCA] 'unreasonably appli[ed]' that test." *Id.* (quoting 28 U.S.C. § 2254(d)). On habeas review, then, this court must determine whether the OCCA reasonably applied Supreme Court precedent when it declined to find plain error.

In determining that the retroactive application of *Barnett I* did not violate Petitioner's due process rights, the OCCA relied on its decision in *Barnett v. State*, 271 P.3d 80, 83 (Okla. Crim. App. 2012) (*Barnett II*). *See* Doc. 1, Ex. B, at 3. The OCCA decided *Barnett II* after Petitioner filed his state appellate brief. In *Barnett II*, the OCCA considered "*Bouie's* controlling principle of fair warning" in concluding that the retroactive application of its decision to abandon the

13

merger doctrine did not violate due process. *Barnett II*, 271 P.3d at 83. The OCCA reasoned that because "[f]elony murder has always been a crime in Oklahoma," the judicial "abandonment of the merger doctrine was not an 'unforeseeable judicial enlargement' of the second degree felony murder statute to criminalize conduct that was innocent when it was committed." *Id.* at 85 (quoting *Bouie*, 378 U.S. at 353). On plain-error review, the *Barnett* court determined that "relief was not dictated . . . by principles of justice" and concluded that the change in law "did not deprive [the defendant] of the due process of law." *Id.* at 86.

Petitioner, who does not acknowledge *Barnett II*, cites no Supreme Court authority in support of his claim that the OCCA unreasonably applied Supreme Court precedent when it determined, through a plain-error analysis, that due process was not violated in his case. Petitioner is not entitled to habeas relief on this ground.

> C. **Ground III - "Petitioner was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution."[11]**
>
> 1. **Petitioner's argument.**

Petitioner argued before the OCCA that "[a] defendant has a constitutional

---

[11] Doc. 1, at 8, Ex. A, at 17-18.

right to the effective assistance of counsel at a hearing to withdraw a guilty plea, which is a critical stage in the prosecution of the case." Doc. 1, Ex. A, at 18. He contended that "withdrawal counsel's failure to address the merger problem at the hearing on the motion to withdraw plea fell below the range of reasonable assistance of counsel guaranteed by the Sixth Amendment." *Id.* According to Petitioner, "[h]ad trial counsel argued that the merger doctrine precluded a conviction on Second Degree Murder based on the underlying felony of Aggravated Assault and Battery . . . the trial court would likely have been compelled to allow Petitioner to withdraw his plea." *Id.*

### 2. The OCCA's findings.

> In Proposition III, [Petitioner] argues that counsel on the motion to withdraw was ineffective for failing to identify and raise the merger issue. To establish ineffective assistance of counsel, [Petitioner] must establish both inadequate performance on the part of his counsel and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 2064-67, 80 L.Ed.2d 674 (1984). Counsel cannot be ineffective where there is no prejudice.
>
> The Information alleged that [Petitioner] caused the death of No Ear while engaged in the commission of Aggravated Assault and Battery or, in the alternative, that he caused No Ear's death while engaged in the commission of Robbery in the First Degree. Although the plea form reflects a plea to Aggravated Assault and Battery, the record also provides ample support for the charge of Robbery in the First Degree as the predicate offense. There is no prejudice. *Strickland*, 466 U.S. at 687-92, 104 S.Ct. at 2064-67, 80 L.Ed.2d 674. This Proposition is denied.

### 3. Evaluation of the claim.

For claims involving ineffective assistance of counsel, the Supreme Court "clearly established" federal law in *Strickland v. Washington,* 466 U.S. 668, 690-91 (1984). There the Court held that a petitioner must show that the attorney's performance was constitutionally deficient and prejudicial. *Id.* at 690-92. An attorney's performance is only considered "deficient" if it falls "outside the wide range of professionally competent assistance." *Id*. at 690. "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Here, the OCCA grounded its decision on the prejudice prong. The court acknowledged that Petitioner's "plea form reflects a plea to Aggravated Assault and Battery," but recognized that he was alternatively charged with causing a death while committing Aggravated Assault and Battery – the offense he claimed merged into the homicide – and with Robbery in the First Degree. Doc. 1, Ex. B, at 3. Based on its "thorough consideration of the entire record before [it] on appeal, including the original record, transcripts, exhibits and briefs," the OCCA found "ample" support from the record for the charge of Robbery in the First Degree as the predicate offense.[12] *Id.* at 2-3. Thus, because there would

---

[12] Petitioner was alternatively charged by Amended Information with committing Murder in the Second Degree "[b]y causing the death of Parrish
(continued...)

16

be no merger issue with the robbery charge, the OCCA reasoned there was no prejudice and "[c]ounsel cannot be ineffective where there is no prejudice." *Id.* at 3.

Put another way, the OCCA found that Petitioner failed to "show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. It considered whether an argument by Petitioner's withdrawal counsel that the merger doctrine precluded the guilty plea and conviction "likely would have succeeded" in the trial court allowing Petitioner to withdraw his guilty plea. *Hill*, 474 U.S. at 59. And, in so doing, the court assumed the applicability of the merger doctrine "at the time the decision was made" by the trial court to deny Petitioner's motion to withdraw his plea. *Heard v. Addison,* 728 F.3d 1170, 1183 (10th Cir. 2013).

Petitioner, who fails to cite any federal authority to show that the OCCA unreasonably applied federal law in rejecting his ineffective assistance of counsel claim, is not entitled to habeas relief on this ground.

---

[12](...continued)
NoEar by hitting and kicking him about his body while [he] was engaged in committing the crime of Robbery in the First Degree by wrongfully taking and carrying away certain personal property from the person of Parrish NoEar . . . by force and violence." Doc. 10, at Ex. 12. Petitioner does not challenge the OCCA's finding that the record supports the alternative charge of Robbery in the First Degree.

## IV. Recommendation and notice of right to object.

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 23rd day of April, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 3rd day of April, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE